Hon. Frank W. Bratt Chairman New York State Soil and Water Conservation Committee
You have asked whether soil and water conservation districts are required to follow county insurance guidelines and mandates in the course of their operations.
Under the Soil and Water Conservation Districts Law (SWCDL), the board of supervisors of a county may declare the county to be a soil and water conservation district when they determine "that conservation of soil and water resources and control and prevention of soil erosion and prevention of floodwater and sediment damages are problems of public concern in the county, and further [determine] that a substantial proportion of the rural land occupiers of the county favor such a resolution" (SWCDL, § 5[1]). Although districts are coterminous with the counties which they serve, they are independent legal entities, separate and distinct from both the State and the county (see 1980 Op Atty Gen 62). Although the county has authority to discontinue a district (SWCDL, § 12), for most purposes the district retains autonomy for purposes of its operations.*
In the past, we have found that districts are legal entities separate and distinct from the county for purposes of suing and being sued, entering contracts, controlling their own operations and purchasing and selling real estate (1947 Op Atty Gen 309; 1944 Op Atty Gen 207; 1942 Op Atty Gen [Inf] 430; SWCDL, § 9[9]). For example, in 1944, we concluded that a district's autonomy gave it the authority to enter contracts without county approval, notwithstanding a requirement in the County Law that required the county purchasing agent to make all purchases and contracts for supplies (1944 Op Atty Gen 207; see County Law, § 218).
The particular question raised in your letter is if a county requires its construction contractors to carry one million dollars of insurance while providing a service, whether the soil and water conservation district is also bound to the county's limit.
In our view, the authority to set insurance limits for construction contracts entered into by the district is encompassed by its power to enter into contracts and control its own operations. Subdivision 9 of section 9 of the SWCDL provides that the district has the power "to make and execute contracts and other instruments, necessary or convenient to the exercise of its power" (SWCDL, § 9[9]). No mention is made of county approval for these contracts; had the Legislature intended a district's power to be so limited, it would have specifically stated, as it did in the instances of maintenance contracts (id., § 9[6]) and board member expenses (id., § 7).
We conclude that a soil and water conservation district is not bound by the county requirements concerning insurance coverage of contractors.
* Under SWCDL, § 9(6), contracts for the maintenance of structures, improvements or other works constructed by the district in the course of its operation must be approved by the county board. See also, SWCDL, § 7 (compensation of district board members for expenses must be authorized by county board).